UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| OGLALA SIOUX TRIBE,<br>a federally recognized tribe,<br><br>Plaintiff,<br>v.<br><br>UNITED STATES OF AMERICA, et al.<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 5:22-CV-05066-RAL<br><br>**PLAINTIFF OGLALA SIOUX TRIBE'S MOTION TO REDACT EXHIBIT 1, 2023.10.04 VIDEO.MP4 FILE, TO PLAINTIFF'S MOTION TO COMPEL COMPLIANCE WITH PRELIMINARY INJUNCTION, OR IN THE ALTERNATIVE, TO SHOW CAUSE FOR CIVIL CONTEMPT; TO REDACT EXHIBIT 4 TO THE DECLARATION OF ALGIN YOUNG IN SUPPORT OF THE MOTION; TO REDACT EXHIBIT 5 TO THE DECLARATION OF ARON HOGDEN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL; AND TO REDACT DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Oglala Sioux Tribe ("Tribe"), by and through its attorneys of record, respectfully moves the Court to order the redaction of a video file exhibit, two documentary exhibits, and Defendants' Brief in Opposition to the Tribe's Motion to Compel pursuant to D.S.D. Local Rules 7.1(A) and 43.1(B)(2).

The Tribe filed a Motion to Compel Compliance with the Court's May 23, 2023 Preliminary Injunction, or in the Alternative, to Show Cause for Civil Contempt (hereinafter "Pl. Mot. to Compel") on December 29, 2023.  Doc. 87.  On December 29, 2023, the Tribe also filed a Motion to Redact pages 6, 7, and 8 of Exhibit 4 to the Declaration of Algin Young (Doc. 91-4) and a portion of Exhibit 1 to the Complaint (Doc. 89-1), which is a video recording labeled

"2023.10.04 video.mp4" that contains video images transmitted to the Court by flash drive.  Doc. 100, Doc. 100 Attachment #1.

On February 9, 2024, Defendants filed an objection to Plaintiff's Motion to Redact the Exhibits.  Doc. 103.  On February 9, 2024, Defendants filed a redacted Brief in Opposition to Plaintiff's Motion to Compel. Doc. 104 at 16, 25.  Defendants also filed a redacted Exhibit 5 to the Declaration of Aron Hogden in Support of its Response to Plaintiff's Motion to Compel. Doc. 104-4 at 82-83.

On February 21, 2024, Plaintiff's legal counsel conferred by telephone with Defendants' legal counsel regarding Plaintiff's Motion to Redact and the Defendants' Objection to the Motion to Redact to narrow the scope of the objection to Plaintiff's Motion to Redact.  On February 26, 2024, the Plaintiff filed an Unopposed Notice of Withdrawal of its Motion to Redact the Exhibits Without Prejudice.  Doc. 105.

The Tribe now files this new Motion to Redact Exhibit 1 to the Motion to Compel (hereinafter "Mot. to Compel Ex. 1"), Exhibit 4 to the Declaration of Algin Young in Support of the Motion to Compel (hereinafter "Young Decl. Ex. 4"), Defendants' Brief in Opposition to Plaintiff's Motion to Compel (hereinafter "Def. Br."), and Defendant's Exhibit 5 to the Declaration of Aron Hogden (hereinafter Hodgen Decl. Ex. 5").  The Tribe proposes to redact more limited portions of the Young Decl. Ex. 4 on pages 6, 7, and 8 of that Exhibit, more limited portions of Mot. to Compel Ex. 1, a more limited portion of Def. Br., and more limited portions of pages 16 and 25 of the Hogden Decl. Exhibit 5 to redact sensitive nonpublic law enforcement, detention, and tribal court funding information about the *status* of grant awards from the Department of Justice appearing in the Exhibits and brief, and to place the redacted documents in the publicly available case file, while the unredacted document originally submitted to the Court

2

remains nonpublic.  Specifically, the Tribe seeks an Order from this Court to redact from each of these Exhibits and Def. Br. the following information:

1.        Exhibit 4 to the Declaration of Algin Young in Support of Pl. Mot. to Compel is a PowerPoint presentation provided to the Tribe by Defendants on October 4, 2023, during a Zoom videoconference Technical Assistance meeting.  Doc. 78 at 78.  The Tribe proposes to redact only the portions of pages 6, 7, and 8 that include detailed information on the status of every Department of Justice grant awarded to the Oglala Sioux Tribe for law enforcement, tribal courts, and detention.  Pages 6, 7, and 8 of Exhibit 4 include nonpublic information on tribal criminal justice system funding and operations.  The publication of this information would adversely impact the Program's ongoing and future activities, have the potential to damage the Tribe's reputation resulting in adverse funding effects on future grants (both federal and nonfederal), and is not material to the issues before the Court.  The proposed redactions are attached hereto.  The unredacted Exhibit 4 is on file with the Court.  Doc. 100, Attachment #1.

2.        Plaintiff's Exhibit 1, 2023.10.04 video.mp4 file, is a video recording of a Technical Assistance meeting held between the parties by Zoom teleconference on October 4, 2023.  Plaintiff proposes to redact the portion of the videorecording from 12:56 to 23:13, which include video of pages 6, 7, and 8 of Young Decl. Ex. 4, and oral discussion of those pages of the PowerPoint, for the same reasons it seeks to redact Young Decl. Ex. 4.  The original video.mp4 file is on file with the Court.  Doc. 89, Attachment #1, and the proposed redacted video.mp4 file will be filed in person with the Court with the filing of this motion.

3.        Defendants' Brief in Opposition includes statements about the status of the Tribe's Department of Justice grants on pages 16 and 25 of the Brief.  Doc. 104 at footnote 2 on pp. 16, 25.  Those statements are immaterial to the issue of whether Defendants complied with

the Court's Preliminary Injunction Order and are also based on the Young Decl. Ex. 5.  In

addition, the information in footnote 2 on page 16 of the brief is inaccurate as noted by

Department of Justice representatives at the October  4, 2023 Technical Assistance meeting.  *See*

Hogden Decl. Ex. 5 at 9:24-10:1.  Doc. 104-4, Doc. 105-1.  The Tribe does not object to the

disclosure of the information contained on page 16 of the Brief, but proposes to leave the

redactions to footnote 2 on page 16 and the redaction on page 25 in place.  Doc. 104.  The

currently redacted brief and unredacted brief are on file with the Court.  Doc. 104; Doc. 105-2.

      4.      Hogden Decl. Ex. 5 is a transcript of a Technical Assistance meeting held

between the parties by Zoom Teleconference on October 4, 2023 discussing Young Decl. Ex. 4.

Plaintiff proposes to redact the portions of the transcript at 5:24-6:10, 6:15-22, 7:1-21, 8:25-9:8,

and 9:24-10:1 that include nonpublic information about the status of Department of Justice grant

awards to the Tribe, for the same reasons it seeks to redact Mot. to Compel Ex. 1 and Young

Decl. Ex. 4.  Notably, as to one of the grant awards discussed, a Department of Justice official on

the call admitted that the status reported in Young Decl. Ex. 4  and discussed in Mot. to Compel

Ex. 1 and Hogden Decl. Ex. 5, on one grant was inaccurate.  *See* Hogden Decl. Ex. 5 at 9:24-

10:1. Doc. 104-4, Doc. 105-1.  The Tribe proposes redacted Exhibit 5 as filed with this motion.

The original unredacted document is on file with the Court.  Doc. 105-1.

      The Tribe seeks to redact only the portions of the Exhibits that contain sensitive

nonpublic law enforcement information about the *status* of Department of Justice grant awards,

not the publicly available amounts of those awards.  Several courts have identified the factors to

weigh in deciding whether to grant a motion to redact documents.

      The Eighth Circuit has held that "the court must consider the degree to which sealing a

judicial record would interfere with the interests served by the common-law right of access and

balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013). The Eighth Circuit has *not* recognized "a strong presumption favoring access." *GenoSource, LLC v. Inguran, LLC*, No. 18-CV-113-CJW-KEM, 2019 WL 12023239, at *2 (N.D. Iowa Mar. 4, 2019) (quoting *Webster Groves Sch. Dist. v. Pulitzer Publ'g Co.*, 898 F.2d 1371, 1376 (8th Cir. 1990)).  Rather, the public access interest is "weak," when, as here, the portions of documents to be redacted have "little to do with the district court's exercise of judicial power." *Id.* (quoting *Riker v. Fed. Bureau of Prisons*, 315 Fed. Appx. 752, 755 (10th Cir. 2009)).  The Eighth Circuit has approved of a process wherein the court redacts and allows access to appropriate portions of documents rather than making a wholesale determination that they must be filed under seal.  *See id.* at 1224 (citing *United States v. Amodeo*, 44 F.3d 141, 147 (2nd Cir. 1995)).  This aligns with the limited redaction the Tribe seeks of only the sensitive nonpublic grant award status information.

The Sixth Circuit has identified three factors the courts should weigh when ruling on a motion to redact documents: "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary…" *Shane Group, Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016).

In weighing the strength of asserted interests, courts have recently recognized the likelihood that the release of confidential business information would jeopardize a contractor's competitive advantage to be "an interest strong enough to merit non-disclosure." *Monbo v. United States*, No. 23-2425 (JEB), 2023 WL 7129866, at *2 (D.C. Cir. Sept. 7, 2023); *see id.* (collecting cases).  Here, the Tribe has a strong interest in Department of Justice grant award status information remaining under seal.  The Complaint alleges that law enforcement on the

5

Reservation is drastically underfunded, and the Tribe respectfully requests that the Court consider how releasing grant award status information from a snapshot in time over four months ago could negatively impact the Tribe's reputation with current and prospective grantors. This concern is analogous to the concern the contractor raised—to which the court gave considerable weight—in *Monbo. See id.*

Further, courts have approved the redaction of information with the potential to "instigate public scandal" and recognized the reliability of information proposed to be sealed as an appropriate factor to take into account. *See Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246-67 (11th Cir. 2007). In this case, notably, some of the information the Tribe proposes to redact was known and admitted by Defendants to be inaccurate. *See* Hogden Decl. Ex. 5 at 9:24-10:1.

Courts have also factored in whether the information is relevant to the claims before the court. *See United States ex rel. Durham v. Prospect Waterproofing, Inc.*, 818 F. Supp. 2d 64, 69 (D.D.C. 2011) ("[T]here is less of a pressing concern to unseal pleadings if they are not relevant to the claims."); *S.E.C. v. Orme*, No. Civ. 07-4060, 2007 WL 2033378, *2 (D.S.D. July 9, 2007) (public interest weighs less against countervailing interests where the information to be sealed "is not a primary consideration by the Court" in ruling on the case).

Even if the status of some of the Department of Justice grant awards was accurate when presented, it reflected a snapshot in time of no particular significance to the litigation. Memorializing it would be, at best, immaterial and unhelpful. None of the grant award status information, regardless of accuracy or timing, has any bearing on the question of whether Defendants failed to comply with this Court's May 3, 2023 Preliminary Injunction Order. Doc. 78 at 78. Department of Justice funding is not a basis for the Complaint, nor is it directly

relevant to the issues in Plaintiff's Motion to Compel or the Complaint, which seeks relief from the Defendants' decision to partially decline the Tribe's Public Law 93-638 law enforcement and criminal investigations contracts--not Department of Justice grants. Doc. 24. Releasing it would serve only to subject the Tribe to unwarranted scrutiny based on partially inaccurate information.

Finally, the proposed redactions are "no broader than necessary[.]" *See Shane Group, Inc.*, 825 F.3d at 306. The proposed redactions remove from public view a minimal amount of information, while preserving public access to all significant portions of these evidentiary documents. They do not seek to redact publicly available grant award amounts or any public information readily available on government websites. Significantly, all three Exhibits are not public documents--they were prepared in litigation from documents that would not be public documents available under the Freedom of Information Act. *See* 5 U.S.C. § 552(b)(5) (exempting "inter-agency or intra-agency memorandums or letters that would not be available by law to a party other than an agency in litigation with the agency, provided that the deliberative process privilege shall not apply to records created 25 years or more before the date on which the records were requested.").

For the foregoing reasons, Plaintiff respectfully requests that the Court grant this Motion to Redact Young Declaration Exhibit 4, Mot. to Compel Ex.1, Defendant's Brief in Opposition, and Hogden Declaration Exhibit 5.

Respectfully submitted,

Dated February 26, 2024

By:      /s/ Rebecca L. Kidder
Rebecca Kidder (SD Bar No. 2774)
Peebles Kidder Bergin & Robinson, LLP
1818 W. Fulton Street, Suite 201
Rapid City, SD 57702

7

Telephone: (605) 791-1515
Email:  rkidder@ndnlaw.com
*Attorneys for the Oglala Sioux Tribe*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of February, 2024, I caused copies of the foregoing Plaintiff's Motion to be served by electronic service via CM/ECF, and I also caused a copy of the redacted Exhibit 1 to be served via First Class Mail and email upon the following:

ALISON J. RAMSDELL
United States Attorney

ARON HOGDEN
U.S. Attorney's Office
P.O. Box 2638
Sioux Falls, SD 57101-2638
(605) 357-2342
aron.hogden@usdoj.gov

BRIAN M. BOYTON
Principal Deputy Assistant Attorney General
BRAD P. ROSENBERG
Assistant Branch Director
JAMES D. TODD, JR.
HILARIE E. SNYDER
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Ben Franklin Station
P.O. Box 883
Washington, DC 20044
james.todd@usdoj.gov
hilarie.e.snyder@usdoj.gov

*Attorneys for Defendants*

/s/ Rebecca L. Kidder